Filed 12/11/13  K.D. v.Super. Ct. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| K.D., | B249640 |
| Petitioner, | |
| v. | (Los Angeles County Super. Ct. No. CK97263) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| L.D., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for extraordinary writ.  Marguerite D. Downing, Judge.  Petition granted.

K.D., in pro. per., for Petitioner.

No appearance for Respondent.

L.D., in pro. per, for Real Party in Interest.

_____

In her petition for extraordinary writ, pro. per. K.D. (Mother) challenges a June 26, 2013 order of the juvenile court (Hon. Marguerite D. Downing) granting L.D.'s (Father) vacation request for minors Km.D. and S.D. to visit a paternal aunt in Senegal for two months. We grant the petition because the juvenile court abused its discretion in granting Father's walk-on vacation request because it appears that Mother did not receive notice of the June 26, 2013 walk-on request, was not in attendance at the hearing, and her counsel was not given an opportunity to contact her.

## BACKGROUND

H.D. is 11 years old, Km.D. is 9 years old, S.D. is 8 years old, Is.D. is 4 years old, and Il.D. is 3 years old.

Mother and Father are going through an acrimonious divorce. Since September 2012, Father has not resided in the home. The family currently has an open case with the Family Law Court.

On January 9, 2013, the Department of Children and Family Services (DCFS) filed a Welfare and Institutions Code[1] section 300, subdivisions (a), (b) and (j) petition which alleged that on January 2, 2013, Father physically abused H.D. by striking the child's body with a metal stick and belt, inflicting multiple linear/loop marks and bruises to the child's buttocks and legs. The petition further alleged that on prior occasions in 2012, Father physically abused Km.D. by striking the child's body with belts, metal sticks and his hands.

At the detention hearing, the children were released to Mother. Father was granted monitored visitation.

On January 28, 2013, the juvenile court issued a stay-away order indicating that Father must stay away from Mother and the family home.

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

2

On March 25, 2013, after a contested jurisdiction/disposition hearing, the juvenile court sustained portions of the petition and declared the children dependents of the juvenile court. The children would remain with Mother, and Father would have monitored visitation. The juvenile court issued a case plan for Mother and Father. Moreover, the children cannot be taken out of the state of California without permission of the juvenile court and there is to be no corporal punishment. The stay-away order remains in effect, but Father can collect his belongings from the house.

On April 24, 2013, Father filed a notice of appeal.

On May 21, 2013, at a hearing at which Mother and Father were in attendance, Father requested permission for the children Km.D. and S.D. to take a trip to Senegal, West Africa to visit the paternal aunt. The juvenile court stated: "I can't give permission for a scheduled — for a trip that has not been decided. Historically I have no problem with children taking visits as long as all of the proper documents are provided and the Department is given notice. [¶] Once that happens, the Department will walk it on for me to give the okay. But from this vantage point, no new information — I don't generally have a problem with children having the opportunity to see the world. So I just need notice." Mother's counsel stated that Mother objects to the trip to Senegal. The juvenile court stated that Mother would have an opportunity to object when the court gets information on the trip.

On June 24, 2013, Father's counsel submitted to DCFS a walk-on request for June 26, 2013. The request basically concerned visitation, but stated at the end, "Finally, father would like to send his children [S.] and [Km.] to Senegal to visit their paternal aunt, Ayisha D. The children will be staying with Ayisha D. at her residence in Senegal. Address to be provided at Walk-on hearing. Her phone number is 323- . . . . Father has attached the Delta Air Lines itinerary for the flight; [leave July 1st on a flight from LAX to JFK and JFK to Dakar, Senegal, and return on August 30th from Dakar, Senegal to JFK and JFK to LAX]" The walk-on request further stated, "I declare as follows under penalty of perjury: [¶] 1. Notice was given to all counsel, prior to the requested hearing date. [¶] 2. A copy of this request has been provided to all counsel."

3

According to the minute order and the reporter's transcript, on June 26, 2013, the juvenile court heard Father's walk-on vacation request. Mother was not in attendance at the hearing. Her counsel requested an opportunity to speak to her client and get her into court. Rather than respond to counsel, the juvenile court continued with the hearing. Counsel stated that Mother objects to the children going on vacation in Senegal with relatives who have not been assessed by DCFS. Counsel further stated: "She is not comfortable with the children going so far away with relatives that the children do not have a close relationship with, and relatives that she does not know very well and that have not been investigated or found to be appropriate by the Department of Children and Family Services. [¶] If the court, over Mother's objection, authorized the vacation request, I would ask the court make it clear that Father is not to accompany the children on the vacation to Senegal. He's not to be present at any time during that vacation." S.D. did not wish to go to Senegal. The Department objected to the vacation request.

After the hearing, the juvenile court issued the following minute order: "Matter is walked on calendar by Father's counsel for further orders of the court. [¶] The court continues the matter [the visitation issue] at the request of DCFS for DCFS to prepare a response to Father's walk on request. [¶] The court grants the vacation request of Father for minors [Km.D.] and [S.D.], to visit paternal aunt in Senegal. Request is on the condition Father provide DCFS with itinerary and address/telephone number of paternal aunt. The other condition of the vacation request is that minors have appropriate passports to return to the U.S. [¶] The court orders that Father is not to accompany minors on vacation to Senegal."

In her petition, Mother states she would have objected to the juvenile court's order and argued that the children were going to be involved in a summer program with their new school that they are transitioning to at the beginning of August. Mother also stated she would have also argued she is concerned and scared that the children would not return and would be kept against their will after two months in Senegal. Father has stated

4

to Mother in the past that he would take the children to Senegal since he is a Senegalese citizen[2] and would live there permanently and this will defy the juvenile court's order.

## DISCUSSION

If a juvenile court is granted discretion to decide an issue, its decision should not be disturbed on appeal absent a clear abuse of discretion. (*In re Jasmon O.* (1994) 8 Cal.4th 398, 415.) A court abuses its discretion when it makes a determination that is """arbitrary, capricious, or patently absurd.""" (*In re Mark V.* (1986) 177 Cal.App.3d 754, 759, quoting *In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 421.)

We conclude that the juvenile court abused its discretion in granting Father's vacation request because Mother was not advised of the June 26, 2013 hearing and was not in attendance at the hearing.

The juvenile court should have permitted Mother's counsel to speak to Mother and bring her to court. If Mother had been in attendance, the juvenile court would have heard her concerns. The juvenile court should have denied Father's vacation request.

## DISPOSITION

The petition for extraordinary writ is granted. The temporary stay order is vacated.

NOT TO BE PUBLISHED.

THE COURT:

_____      _____      _____
    MALLANO, P. J.                 CHANEY, J.                 JOHNSON, J.

---

**2**      Father was born in Los Angeles but also has Senegalese citizenship because of his father.

5